IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KELLY WEEKS § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 1:25-CV-00217 |
| § | |
| LAMAR UNIVERSITY, a member of the § | |
| Texas State University System, DR. JAIME § | |
| R. TAYLOR, in his official capacity as § | |
| President of Lamar, DR. BRETT WELCH, § | |
| in his official capacity as Provost of Lamar, § | |
| and MARSHA WORTHY, in her official § | |
| capacity as Associate Vice President, § | |
| Human Resources of Lamar § | |
| *Defendants*. § | |

## JOINT CONFERENCE REPORT

**1. A factual and legal description of the case that sets forth the elements of each cause of action and each defense.**

**Plaintiff:**

Plaintiff's First Amended Complaint alleges (1) discrimination and retaliation under the American with Disabilities Act (ADA); (2) discrimination and retaliation under Section 504 of the Rehabilitation Act; and (3) deprivation of liberty and property interests in violation of the First and Fourteenth Amendments.

Plaintiff is a qualified individual with a disability under Title I of the ADA because his pericarditis substantially limits one or more major life activities. Plaintiff made requests for reasonable accommodation, asking to teach remotely because his acute pericarditis symptoms have been exacerbated by the hostile work environment at Lamar University. Allowing Plaintiff to work remotely would not amount to an undue hardship, but Defendants have refused the reasonable accommodation requests. Further, Defendants retaliated against Plaintiff by enacting policies requiring him to teach on campus. Defendants' actions are in violation of both the ADA and Section 504 of the Rehabilitation Act.

Additionally, Defendants have retaliated against Plaintiff for exercising his rights under the First Amendment. Plaintiff has been an outspoken critic of the university, addressing matters of public concern including university governance and possible misuse of taxpayer funds.

Defendants retaliated by denying Plaintiff merit and equity raises and denying his requests for reasonable accommodation. This retaliation occurred without procedural due process, violating the Fourteenth Amendment. Similarly, Plaintiff's title was changed from "Associate Professor of Operations Management" to "Associate Professor of Management" without notice or hearing, which amounts to a further violation of due process.

**Defendants:**

Defendants deny any wrongdoing whatsoever. Defendants assert that the Court lacks jurisdiction over Plaintiff's claims. First, Official Defendant, Dr. Taylor does not have a sufficient connection to Plaintiff's claims under *Ex parte Young*. And second, sovereign immunity bars Plaintiff's request for injunctive relief requiring Dr. Taylor, Dr. Welch, and Ms. Worthy ("Official Defendants") to restore his job title, give him a $30,000 raise, and permit him to work from home.

Defendants further assert that: (1) the applicable statute of limitations bars Plaintiff's claims arising between 2019 and 2024; (2) Plaintiff does not suffer from a disability as defined by the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA); (3) Plaintiff's retaliation claims under the ADA and RA lack merit because he has not sufficiently alleged retaliatory actions and there is no plausible connection between his alleged protected activity and the retaliatory actions he does allege; (4) Plaintiff's First Amendment retaliation claims fails because there is no evidence that the Official Defendants knew anything about Plaintiff's alleged speech, there is too much time between Plaintiff's alleged speech and the alleged retaliatory actions, and Plaintiff has not alleged his speech was chilled; (5) Plaintiff has failed to allege a property interest to support his due-process claim; (6) Plaintiff has failed to allege facts giving rise to an equal-protection claim; (7) Plaintiff has failed to allege facts giving rise to a liberty-interest claim; and (8) Plaintiff has failed to allege facts establishing that the Official Defendants did anything to make them liable for a due-process, equal-protection, or liberty interest claim.

**2. The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented.**

The Rule 26(f) conference was held on September 8, 2025. Attendees included:

| For Plaintiff, Kelly Weeks: | For Defendants: |
|---|---|
| Stefanie Klien | C. Lee Winkelman |
| Hill Gilstrap, P.C. | Assistant Attorney General |
|  | Office of the Attorney General |
|  | General Litigation Division |

**3. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

**4. An agreed discovery/case management plan, if an agreement can be reached, which will be used by the court to prepare a Scheduling Order.**

*See* Appendix 1.

**5. A suggested date for the Final Status Conference, at which time the final pretrial conference and the trial will be scheduled.**

December 4, 2026

**6. The expected length of trial and whether it will be to a jury or to the bench.**

The parties expect the trial to last three (3) days. Plaintiff has requested a jury trial.

**7. Whether the parties jointly consent to a trial before a magistrate judge.**

The parties respectfully do not consent to trial before a magistrate judge.

3

Respectfully submitted.

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ C. Lee Winkelman*
**C. LEE WINKELMAN**
State Bar No. 24042176
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (713) 225-8930
Facsimile: (512) 320-0667
lee.winkelman@oag.texas.gov
*Counsel for Defendants*

*- and –*

**HILL GILSTRAP, P.C.**

*/s/ Frank Hill*
**Frank Hill**
State Bar No. 09632000
fhill@hilgillstrap.com
**Stefanie Klein**
State Bar No. 11565650
sklein@hillgilstrap.com
1400 West Abram Street
Arlington, Texas 76013
Telephone: (817) 261-2222
Facsimile: (817) 861-4685
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that a copy of the above pleading was served on September 22, 2025, upon all parties who have entered an appearance, using the CM/ECF system.

                                        */s/ C. Lee Winkelman*
                                        C. LEE WINKELMAN
                                        Assistant Attorney General

# APPENDIX 1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| KELLY WEEKS<br>*Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 1:25-CV-00217 |
| LAMAR UNIVERSITY, a member of the Texas State University System, DR. JAIME R. TAYLOR, in his official capacity as President of Lamar, DR. BRETT WELCH, in his official capacity as Provost of Lamar, and MARSHA WORTHY, in her official capacity as Associate Vice President, Human Resources of Lamar<br>*Defendants.* | § § § § § § § § § § | |

## PROPOSED SCHEDULING ORDER DEADLINES

| | |
|---|---|
| November 14, 2025 | NEW PARTIES shall be joined by this date. |
| December 5, 2025 | The pleadings shall be AMENDED by this date. |
| May 8, 2026 | PLAINTIFF shall designate EXPERT WITNESSES in writing and provide expert reports by this date. |
| June 19, 2026 | DEFENDANTS shall designate EXPERT WITNESSES in writing and provide expert reports by this date. |
| July 31, 2026 | DISCOVERY shall be completed by this date. |
| August 14, 2026 | MOTION CUT-OFF. Aside from motions in limine, no motion, including motions to exclude or limit expert testimony, shall be filed after this date except for good cause shown. Without leave of court, a party may file only one summary judgment motion.<br><br>If no motions are pending at the time of the Motion Cut-Off deadline, the parties shall submit a JOINT STATUS REPORT by this date. The Status Report should state whether this matter will be ready for trial by the Final Status Conference deadline, as well as any other pertinent issues regarding these proceedings. |

| | |
|---|---|
| November 6, 2026 | The JOINT PRETRIAL ORDER, including motions in limine, deposition designations, and a proposed charge or proposed findings of fact and conclusions of law, shall be filed and proposed trial exhibits shall be exchanged on or before this date. |
| November 13, 2026 | OBJECTIONS TO proposed exhibits, witnesses, and depositions excerpts, as well as responses to motions in limine, shall be filed by this date. |
| November 20, 2026 | RESPONSES TO OBJECTIONS shall be filed by this date. A failure to file a response to an objection shall create a presumption in favor of the court's sustaining the objection. |
| December 4, 2026 | FINAL STATUS CONFERENCE at 10:00 a.m. The case will be set for Final Pretrial Conference and Trial at the Final Status Conference. The parties should be prepared to the case by this date. |
| Three (3) days | Estimated time to try before a jury. |